UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **APTIM ENVIRONMENTAL & INFRASTRUCTURE, LLC AND JONATHON HUNT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2587** |
| **ALLCO, LLC AND ALLCO VIRGIN ISLANDS, LLC** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court is plaintiffs Aptim Environmental & Infrastructure, LLC and Jonathon Hunt's motion for default judgment against Allco, LLC and Allco Virgin Islands, LLC (Rec. Doc. 18). For the following reasons, and provided federal jurisdiction exists here,

**IT IS ORDERED** that plaintiffs' motion for default judgment is **GRANTED**, confirming the final arbitration award and adopting it as a judgment of this Court. Rec. Doc. 1-3.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Seeking confirmation of an August 5, 2022 arbitration award, plaintiffs Aptim Environmental & Infrastructure, LLC and Jonathon Hunt filed such an application on July 19, 2023, naming Allco, LLC and Allco Virgin Islands, LLC as defendants. Rec. Doc. 1 at 1. Defendants had served as subcontractors for Aptim—work, defendants alleged in a state court suit, that was not properly paid for. *Id.* at 2–3 ¶¶10–11. However, Louisiana state courts refused to resolve the dispute, finding that parties had contractually delegated all matters to arbitration. *Id.* at 3 ¶12. After a full hearing between parties, the arbitration panel entered a final award. *Id.* at 4 ¶¶17–18. Specifically, the award required Aptim to pay defendants $8,477,038.00 plus judicial interest of $1,269,871.90 for outstanding costs and $1,768,590.14 in interest on an outstanding

1

loan balance. Rec. Doc. 1-3 at 3–4. The arbitration panel further considered but rejected defendants' claims pursuant to the Louisiana Unfair Trade Practices Act and claims against Mr. Hunt. *Id*. at 19. The panel also refused to award either party attorney's fees or costs. *Id.* at 4.

Defendants have made no appearance in the current suit. Allco, LLC was found in default on October 11, 2023, and Allco Virgin Islands, LLC on December 7, 2024. *See* Rec. Docs. 10 and 16. Plaintiffs now move for a default judgment. Rec. Doc. 18.

## II. LAW AND ANALYSIS

### A. Motion for Default Judgment Standard – Federal Rule of Civil Procedure 55

Federal Rule of Civil Procedure 55 establishes a two-step inquiry for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, "[a]fter defendant's default has been entered, plaintiff may apply for a judgment based on such default." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "There must be sufficient basis in the pleadings for the entering of a default judgment, and the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (internal quotations omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (alteration in original) (internal quotations omitted) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Importantly, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default[;]" instead "the entry of default judgment is committed to the discretion of the district judge." *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.

2001) (internal quotations omitted) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

> When considering a default judgment, the court should consider several factors, including:
>
> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citation omitted). In assessment of these factors and, more generally, the plaintiff's claim for relief itself, a court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to, *inter alia*, establish the truth of any allegation by evidence . . . or . . . investigate any other matter." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotations omitted) (quoting Fed. R. Civ. P. 55(b)(2)(C)). Although hearings are discretionary, the Fifth Circuit has held "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 289 (5th Cir. 2018) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Nonetheless, where relief is readily determinable, a court may hold a hearing if it determines the hearing valuable: "[W]hen it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default . . . . [T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability." *Wooten*, 788 F.3d at 496 (quoting 10A Charles A. Wright et al., Federal Practice & Procedure § 2688 (3d ed. 1998)).

Here, as an application of Rule 55, default judgment would be appropriate if the Court determines grounds to confirm the arbitration award. The first step of the two-step inquiry is established, with default entered against both Allco, LLC and Allco Virgin Islands, LLC. *See* Rec.

3

Docs. 10 and 16. The second step, likewise, is apparent. Plaintiffs attach the interim and final arbitration awards to their initial pleading. *See* Rec. Doc. 1-3. The arbitration proceeding occurred over the course of six days and was vigorously contested between the parties. *See id.* at 5 ("Both parties submitted voluminous exhibits which were offered and accepted into evidence."). In a separate matter before the Middle District of Louisiana Court, defendants' president and CEO "confirm[ed] the Arbitration Award amount" and "agree[d] and commit[ted] that [Allco] accepts the Arbitration Award and will not seek to modify, vacate, or otherwise alter that Arbitration Award in any manner." Rec. Doc. 18-2 at 2 (*Aptim Env't & Infrastructure, LLC v. Allco, LLC*, No. 3:22-590 (M.D. La. Oct. 13, 2022), ECF No. 11-2 (declaration of Tom Harrison)). None of the *Lindsey* factors would favor denial of a default judgment. Further, issues commonly compelling a hearing are absent.

    Although a default judgment would appear appropriate, Federal Rule of Civil Procedure 55(b) has been interpreted by courts to have imprecise application in the enforcement of arbitration awards. Instead, "an unanswered application to confirm an arbitration award should be 'treated as akin' to an unopposed motion for summary judgment." *Wells Fargo Bank Nat'l Ass'n v. Energy Prod. Co. LLC*, No. 3:19-2014, 2020 WL 1493663, at *1 (N.D. Tex. Mar. 26, 2020) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006)). In *D.H. Blair & Co.*, the Second Circuit Court of Appeals distinguished civil actions which commence with the filing of a complaint and those which apply for arbitration enforcement: "As the very name implies, [the latter] are motions in an ongoing proceeding rather than a complaint initiating a plenary action." *D.H. Blair & Co.*, 462 F.3d at 108 (citing 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.")). District courts, however, have found this distinction to be

4

"somewhat academic," particularly in cases where the federal defendant also failed to appear during the arbitration proceedings. *See, e.g., Loc. 363, United Elec. Workers of Am., Int'l Union of Journeymen & Allied Trades v. Laser Lite Elec., Inc.*, No. 17-267, 2017 WL 9939041, at *2 (E.D.N.Y. Nov. 9, 2017), *supplemented sub nom. Loc. 363 v. Laser Lite Elec., Inc.*, No. 17-267, 2018 WL 3635044 (E.D.N.Y. Apr. 2, 2018) (collecting cases). Nonetheless, the Fifth Circuit has cited *D.H. Blair & Co.* approvingly, though for a more general proposition. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 751 (5th Cir. 2020) (citing, *inter alia*, *D.H. Blair & Co.*, 462 F.3d at 104) ("It is well settled that, absent voluntary compliance, an arbitral award requires judicial confirmation to effect a change in legal status.").

Despite concerns that Rule 55 "does not operate well in the context of a motion to confirm or vacate an arbitration award," *D.H. Blair & Co.*, 462 F.3d at 107, other courts continue to use the default judgment standard in an arbitration application, *see, e.g., White Oak Realty, LLC v. Fortress Grp., USA, LLC*, No. 16-2235, 2016 WL 3167714 (E.D. La. June 7, 2016) (confirming arbitration award without a default judgment hearing); *Purshe Kaplan Sterling Invs., Inc. v. Vungarala*, No. 4:21-889, 2021 WL 6693663 (N.D. Tex. Nov. 19, 2021), *report and recommendation adopted*, No. 4:21-889, 2022 WL 227166 (N.D. Tex. Jan. 26, 2022) (same); *Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*, 309 F.R.D. 66, 68 (D.D.C. 2015) (same). Without resolving the "somewhat academic" conflict, and in the interest of completeness, we also consider plaintiffs' request for award confirmation from the more strenuous standard of a motion for summary judgment.

### B. Motion for Summary Judgment Standard – Federal Rule of Civil Procedure 56

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). However, even if not accompanied by an affidavit, material in support or opposition of a motion for summary judgment may be considered as long as it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

### C.  Unopposed Motion Standard

In the Eastern District of Louisiana, a respondent that opposes a motion "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Local Rule 7.5. If a contradictory motion is unopposed, a district court may not grant it automatically, but may grant it if the motion has merit. *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

The Court set the submission date for plaintiffs' motion for default judgment as April 24, 2024, setting defendants' deadline to oppose as April 16, 2024. Defendants did not so oppose.

Further, as previously noted, neither Allco, LLC nor Allco Virgin Islands, LLC has appeared in this suit at all. *See* Rec. Docs. 11 and 16. The Court "may properly assume that [defendants have] no opposition" to the motion to dismiss, and may grant plaintiffs' request if it has merit. *Smith v. Larpenter*, No. 16-15778, 2017 WL 2773662, at *1 n.1 (E.D. La. May 3, 2017), *report and recommendation adopted*, No. 16-15778, 2017 WL 2780748 (E.D. La. June 26, 2017).

### D. Arbitration Award Enforcement

"The Federal Arbitration Act provides United States district courts with jurisdiction to confirm arbitration awards if any party to the arbitration applies for an order to confirm." *Warren v. Geller*, 386 F. Supp. 3d 744, 754 (E.D. La. 2019) (citing 9 U.S.C. § 9).[1] Arbitration is "deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise." *Id.* (quoting *McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995)). "A district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 292 (5th Cir. 2008) (citation omitted). In doing so, "[t]he federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990).

"Judicial review of arbitration awards is extremely limited. So long as the arbitrator's decision draws its essence from the . . . agreement and the arbitrator is not fashioning his own

---

[1] 9 U.S.C. § 9 reads in full:
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

brand of industrial justice, the award cannot be set aside." *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n, AFL-CIO*, 889 F.2d 599, 602 (5th Cir. 1989) (quoting *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960)) (internal citations omitted). "To draw its essence from the contract, an arbitrator's award must have a basis that is at least rationally inferable . . . . The award must, in some logical way, be derived from the wording or purpose of the contract." *Anderman/Smith Operating Co.*, 918 F.2d at 1218 (quoting *Bhd. of R. R. Trainmen v. Cent. of Georgia Ry. Co.*, 415 F.2d 403, 412 (5th Cir. 1969)). "Where an arbitrator exceeds his contractual authority, vacation or modification of the award is an appropriate remedy." *Delta Queen Steamboat Co.*, 889 F.2d at 602 (5th Cir. 1989); *see also* 9 U.S.C. §§ 9–11.

The work agreement between Aptim and defendants specified that, "at the option of APTIM," arbitration would be the forum for "any dispute" between parties. Rec. Doc. 1-1 at 6 ¶25. After Aptim exercised its arbitration option, Louisiana state courts and the arbitration panel confirmed the selection, with all matters placed before the arbitrators. *See Allco, LLC v. Aptim Env't & Infrastructure, LLC*, 2020-0396 (La. App. 1 Cir. 8/3/20), 2020 WL 4435525; *Allco, LLC v. Aptim Env't & Infrastructure, LLC*, 2020-01077 (La. 11/18/20), 304 So. 3d 423, *reconsideration denied*, 309 So. 3d 346 (La. 1/25/21); Rec. Doc. 1-2 (arbitrators' decision related to Allco's preliminary motion on jurisdiction and arbitrability). Parties also agreed that "[t]he decision of the arbitrator(s) shall be final and binding upon the parties and a judgment upon any award rendered may be entered in any court of competent jurisdiction." Rec. Doc. 1-1 at 6 ¶25. After a full hearing between parties, the arbitration panel entered a final award. *See* Rec. Doc. 1-3. Plaintiffs allege no motions to vacate or modify the arbitration award have been filed. *See* Rec. Doc. 1 at 5 ¶22. This assertion is supported by a declaration by defendants' president and CEO, in which he "confirm[ed] the Arbitration Award amount" and "agree[d] and commit[ted] that it accepts the

8

Arbitration Award and will not seek to modify, vacate, or otherwise alter that Arbitration Award in any manner." Rec. Doc. 18-2 at 2 (*Aptim Env't & Infrastructure, LLC v. Allco, LLC*, No. 3:22-590 (M.D. La. Oct. 13, 2022), ECF No. 11-2 (declaration of Tom Harrison)).

Plaintiffs filed for confirmation of the award on July 19, 2023, within one year of the August 5, 2022 final arbitration award. *See* Rec. Doc. 1 at 1. Further, plaintiffs filed their application in the Eastern District of Louisiana Court, seeking confirmation of an award issued in New Orleans, Louisiana. *Compare* Rec. Doc. 1, *with* Rec. Doc. 1-1 at 6 ¶25 ("Any dispute . . . may, at the option of APTIM, be submitted to arbitration in accordance with the Construction Industry Rules of the American Arbitration Association in New Orleans, LA."). Both the timing and the federal venue comply with the requirements of the FAA. *See* 9 U.S.C. § 9. Where an arbitration party so applies for award confirmation, the court *must grant* such an order." *Id.* (emphasis added). As such, plaintiffs have "demonstrate[d] the absence of a genuine issue of material fact" in their application for award confirmation. *Celotex*, 477 U.S. at 323. From an unopposed summary judgment standard, the arbitration award must be confirmed. Put another way, no matter the standard applied, plaintiffs' request must be granted.

New Orleans, Louisiana this 29th day of April, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE

9